## ACKER et al. v. THE CITY OF ATHENS et al.

### No. 6013.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1949.

Decided Nov. 14, 1949.

Sidney Hillman, Baltimore, Md., and Harry D. Graham, New York City (Hillman & Hillman, Baltimore, Md., on the brief), in support of petition.

John Henry Skeen, Sol., C. Berenholtz and George W. P. Whip, Baltimore, Md. (Frank, Skeen & Oppenheimer, Lord & Whip and Robert H. Williams, Jr., Baltimore, Md., on the brief) in opposition to petition.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

Certain passenger-claimants seek an order from this court staying, without bond, the distribution of a fund of $400,000 derived from the sale of the steamship. City of Athens now on deposit in the Registry of the District Court pending the docketing and determination of an appeal from the decree of the District Court by which their claims to a lien upon the proceeds of the sale were denied. The claims are based upon a prepayment of passage money for a voyage which the ship failed to make. Hence the passengers did not board the ship nor was their baggage placed on board for the purposes of the voyage. When the claims were rejected in the District Court the passengers noted an appeal and prayed that the distribution of the fund to other claimants be stayed pending the action of this court, but the District Court, as a condition of such a stay, required the passenger-claimants, under Rule 62 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to file a supersedeas bond in the amount of $15,000 within 30 days from October 14, 1949 unless excused by this court from filing such a bond. The order of the District Court further provided that if the bond should not be filed within the time provided, or the claimants be not excused from filing the same, that the fund should be distributed in accordance with its final decree.

The contentions of the passenger-claimants are: (1) that the failure of the ship to perform her obligations to them as a common carrier amounted to a tort which gave rise to a maritime lien in their favor; and (2) that they acquired a maritime lien by way of subrogation to the extent that the passenger monies were used to secure supplies for the ship and to pay the wages

of the crew. Arguments have been made and briefs have been filed on behalf of the passengers and other lien claimants opposing the motion and have been considered by the court, and we have reached the conclusion upon the merits, for the reasons given in the opinion of the District Judge, Todd Shipyards Corp. v. City of Athens, D.C., 83 F.Supp. 67, that the claims of the passengers to a maritime lien cannot be sustained under the established rules of Admiralty law, and hence it would serve no good purpose to postpone further the distribution of the fund, already long delayed, to the claimants entitled thereto.

An order will be signed denying the petition of the passengers to stay, without bond, the distribution of the fund pending the determination of appeal in this court.

Petition denied.